## RYAN v. SUPERIOR COURT OF CITY AND COUNTY OF SAN FRANCISCO.

### No. 12,568; June 1, 1888.

#### 18 Pac. 598.

**Writ of Review.**—Where a Judgment has Been Entered for Defendant, and, on plaintiff's motion, the court vacates the judgment, and restores the case to the calendar for a new trial, a writ of review by the supreme court will not lie to a subsequent order, made on defendant's motion, setting aside the former order, and refusing a new trial.

Upon a petition for writ of review.

The facts as shown by plaintiff's petition, are as follows: Mary Ryan, the petitioner, says that she is the party beneficially interested herein, and plaintiff in the cause of Mary Ryan v. C. P. Kennedy and Mary A. Kennedy, Executor and Executrix of Philip Kennedy, Deceased; that said cause was commenced in the justice's court of the city and county of San Francisco on September 17, 1887, and was brought for the recovery of one hundred and two dollars, money loaned to Philip Kennedy, defendants' testator; that on October

21, 1887, defendants having answered, the cause was tried before J. D. Page, presiding justice of said court, and judgment entered in favor of plaintiff for one hundred and two dollars principal, five dollars and ten cents percentage, and ten dollars costs; that defendants appealed to the superior court of the city and county of San Francisco, from the said judgment, on questions of law and fact, and the cause was assigned to F. W. Lawlor, presiding judge of Department No. 8 of said court; that, on motion of plaintiff, the cause was set for trial on January 9, 1888, and was tried on that day by said Lawlor, and an oral decision given in favor of defendants, plaintiff demanding findings; that on or before January 17, 1888, judgment without findings was entered in favor of defendants, at the written request of their attorney; that on January 20, 1888, notice was given and filed that on January 27th following plaintiff would move the court to set aside the judgment entered against her (on the ground that the same was ineffectual and void because there were no findings to sustain it), and to restore the cause to the calendar, and set a day for trial thereof, at which time the motion was heard. and an order entered vacating said judgment, and restoring the cause to the calendar for trial on March 6, 1888; that on February 3, 1888, on motion of defendants, an order was entered by the court, setting aside that portion of its order of January 4, 1888, which restored the cause for trial; that plaintiff excepted to said last order, which as she is informed and believes, is in excess of the jurisdiction of the court granting it; that affiant is informed that she has no right of appeal, nor any remedy other than by her present proceeding. Wherefore she prays the supreme court that respondent, the said Lawlor, J., be directed to certify and send up, for review by said supreme court, a transcript of the record and proceedings in said cause, and that meanwhile execution for defendants' costs be stayed.

James Gartlan for petitioner; Charles F. Hanlon for respondent.

Per CURIAM.—We have examined the petition on this application for a writ of review, and can find no reason why the writ should issue. The application is therefore denied. Ordered accordingly.